

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARIO GONZALEZ and )
FRANCISCO GONZALEZ, )
)
         Plaintiffs, )
)   Case No. 06 C 7052
    v. )
)   Judge John W. Darrah
WALTER GASKEW and the )
CITY OF CHICAGO, )
)
      Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Mario Gonzalez ("Mario") and Francisco Gonzalez ("Francisco"), filed suit against Defendants, Walter Gaskew and the City of Chicago. Plaintiffs' four-count Second Amended Complaint includes two counts under 42 U.S.C. § 1983 for excessive force in violation of their Fourth Amendment rights (Count I) and retaliation for the exercise of their First Amendment rights (Count II). The two final counts of Plaintiffs' Second Amended Complaint are state-law claims for assault and battery (Counts III and IV). Gaskew filed a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) and under Fed. R. Civ. Proc. 12(b)(1) for lack of subject-matter jurisdiction over Plaintiffs' state-law claims.

## BACKGROUND

A reading of the Second Amended Complaint supports the following summary of the alleged operative conduct necessary to determining this motion.

Mario Gonzalez was married to Doris Gonzalez, a Chicago Police Officer. While still married to Mario, Doris was having an affair with Gaskew, also a Chicago Police

Officer. In late February or early March of 2006, Mario and Francisco filed a complaint with the Office of Professional Standards for the Chicago Police Department, alleging that Gaskew engaged in threatening acts at Mario's daughter's wedding shower.

On March 25, 2006, Mario, Francisco and Gaskew were in attendance at Mario's daughter's wedding. At some point, Gaskew physically attacked both Mario and Francisco. Plaintiffs allege that Gaskew used unnecessary and unreasonable force in this attack and that these attacks were in retaliation for their complaint with the Office of Professional Standards.

During the attack, several wedding attendees called the police, identified Gaskew as a Sergeant with the Chicago Police Department and requested that a higher ranking officer respond. When the officers responded, Gaskew identified himself as a Chicago Police Officer. Gaskew was not taken into custody; Mario and Francisco were taken into custody.

Plaintiffs allege that Gaskew used his status as a police officer to allow him to attack Plaintiffs and evade arrest. Further, Plaintiffs plead that if not for Gaskew's status as a police officer, Gaskew would not have attacked Plaintiffs.

Plaintiffs filed their first complaint, which was dismissed without prejudice for failure to plead sufficient facts to plausibly suggest that Gaskew acted under color of state law during the attack. Plaintiffs then filed this Second Amended Complaint. Gaskew filed a motion to dismiss Plaintiffs' Second Amended Complaint, arguing that Plaintiffs have not pled sufficient facts to establish that Gaskew acted under "color of state law" in perpetrating these attacks.

## ANALSYIS

A motion to dismiss a complaint for failure to state a claim upon which relief may be granted involves two considerations. First, under Federal Rule of Civil Procedure 8(a)(2), the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To satisfy this requirement, the court must determine whether the complaint provides a defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) ( *Bell Atlantic* ). Second, the allegations in the complaint "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.' " *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776-77 (7th Cir.2007) (citing *Bell Atlantic*, 127 S. Ct. at 1965, 1973). Thus, a plaintiff needs to plead more than labels and mere conclusions. *See Bell Atlantic*, 127 S. Ct. at 1965. In evaluating the allegations of the complaint, a court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004).

### Fourth Amendment Excessive Force Claim

Gaskew's main contention is that Plaintiffs have not sufficiently pled that Gaskew was acting under "color of state law" at the time of the incident. Under 42 U.S.C. § 1983, a plaintiff must allege that "a government official, acting under color of state law, deprived them of a right secured by the Constitution or laws of the United States."

*Christensen v. County of Boone, Ill.*, 483 F.3d 454, 459 (7th Cir. 2007). The "color of state law" requirement is satisfied "if the defendant acted in an official capacity as a public employee or exercised responsibilities pursuant to state law." *Chavez v. Guerrero,* 465 F. Supp.2d 864, 868-69 (N.D.Ill. 2006) (citing *West v. Atkins,* 487 U.S. 42, 50 (1988)).

In determining whether a police officer is acting under color of law, it is not conclusive whether the officer was on-duty or off-duty. *Latuszkin v. City of Chicago,* 250 F.3d 502, 505 (7th Cir. 2001) (*Latuszkin*) (citing *Robles v. City of Fort Wayne,* 113 F.3d 732, 735 n. 2 (7th Cir.1997); *Pickrel v. City of Springfield,* 45 F.3d 1115, 1118-19 (7th Cir.1995) (*Pickrel*). The most important factor in the analysis "is the nature of the specific acts performed." *Latuszkin,* 250 F.3d at 505-06 (citing *Pickrel,* 45 F.3d at 1118-19). In *Latuszkin,* the Seventh Circuit held that the district court's dismissal of the plaintiff's § 1983 claims was proper because the complaint did not allege that the defendant police officer acted under "color of state law" nor did the plaintiff allege that the defendant "was engaged in police activity, that he displayed any police power, or that he possessed any indicia of his office." *Latuszkin,* 250 F.3d at 506.

In the case at bar, Plaintiffs have not sufficiently pled that Gaskew's actions were done under "color of state law" to establish a deprivation of their Fourth Amendment rights. There is nothing in the pleadings to plausibly suggest "the nature of the specific acts" committed by Gaskew were under "color of state law"; that he used "any police power"; nor that he was "engaged in police activity" during his alleged unnecessary and unreasonable use of force. Rather, Plaintiffs pled only the conclusory allegation that but

for his employment as a police officer, Gaskew would not have attacked Plaintiffs. Plaintiffs, in their brief, suggest the assault by Gaskew was "fueled by his status."

The only specific allegations related to Gaskew's status as a police officer during the altercation were the 911 calls by other wedding attendees that disclosed Gaskew's status. However, this conduct alone by third parties is not enough to plausibly suggest that Gaskew was acting under "color of state law." Therefore, Plaintiffs' Fourth Amendment claims are subject to dismissal for failure to state a claim upon which relief can be granted.

### First Amendment Freedom of Speech Claim

As to the First Amendment claims that Gaskew retaliated against Plaintiffs for the exercise of their First Amendment rights, Plaintiffs must plead that: (1) the speech was constitutionally protected, (2) that a public official took adverse actions against them, and (3) the adverse actions were motivated by plaintiff's constitutionally protected speech. *Springer v. Durflinger*, 2008 WL 540220 at \*4 (Feb. 29, 2008); *Mosely v. Board of Educ. of City of Chicago*, 434 F.3d 527, 533 (7th Cir. 2006); *Farrar v. Bracamondes*, 332 F. Supp. 2d 1126, 1129 (N.D. Ill. 2004). The Seventh Circuit holds that "any deprivation under color of law that is likely to deter the exercise of free speech, whether by an employee or anyone else, is actionable." *Powers v. Summers*, 283 F.3d 815, 820 (7th Cir. 2000).

Plaintiffs pled that they filed a complaint against Gaskew with the Office of Professional Standards for the Chicago Police Department. A reasonable inference is that the filing of such a complaint is an exercise of free speech. After the filing of the complaint, Gaskew allegedly physically attacked Plaintiffs. This attack is an adverse

5

action against Plaintiffs. A reasonable inference is that Gaskew's actions were motivated by Plaintiffs' filing of the complaint with the Office of Professional Standards and that Gaskew's actions in attacking Plaintiffs for filing the complaint was an action "under color of state law" intended to deter the Plaintiffs' exercise of free speech. Therefore, Plaintiffs' Second Amended Complaint is sufficient to show they are entitled to relief on their First Amendment claims; and it also gives Gaskew fair notice as to the nature of the claim and "the grounds upon which it rests."

Because Plaintiffs have satisfied the pleading requirements for their First Amendment claim, there is supplemental jurisdiction for Plaintiffs' state-law claims, as these claims arise out of the same altercation and are so related to the federal claim that they form part of the same case or controversy. 28 U.S.C. § 1367 (a).

### CONCLUSION

For the foregoing reasons, Gaskew's motion to dismiss is granted in part and denied in part. Count I is dismissed without prejudice. Plaintiffs are granted leave to file an amended complaint as to this count, consistent with Federal Rule of Civil Procedure 11, within thirty days of this order.

Dated: April 16, 2008

JOHN W. DARRAH
United States District Court Judge