

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIO GONZALEZ and FRANCISCO GONZALEZ, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>WALTER GASKEW, )<br>)<br>Defendant. ) | No. 06 C 7052<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Mario Gonzalez and Francisco Gonzalez brought suit against Defendants Walter Gaskew and the City of Chicago.[1] Before the Court is Defendant Gaskew's motion for summary judgment on Count II of Plaintiffs' complaint, which alleges retaliation in violation of 28 U.S.C. § 1983.

### BACKGROUND

Plaintiff Mario Gonzalez and Doris Gonzalez were married in 1988 and are the parents of twin daughters, Vanessa Gonzalez and Valerie Gonzalez. (Def.'s 56.1(a)(3), at ¶¶ 7, 8.) Doris Gonzalez arranged a "wedding shower" party for her daughter Vanessa to be held on February 11, 2006. (Def.'s 56.1(a)(3), at ¶ 11.) Prior to that date, Doris Gonzalez had filed for divorce from Mario Gonzalez.

Both Doris and Mario Gonzalez attended the wedding shower. (Def.'s 56.1(a)(3), at ¶¶ 13, 14.) Defendant Gaskew, who later married Doris Gonzalez, attended the shower as Doris's companion. (Def.'s 56.1(a)(3), ¶¶ 14, 41.)

---

[1]The City of Chicago was voluntarily dismissed from the case on April 20, 2009.

Sonia Perez, a member of Plaintiffs' family, was present at the shower. (Def.'s 56.1(a)(3), at ¶ 15.) Perez claims that Gaskew made hostile comments to her and was intimidating Mario Gonzalez by staring at him during the shower. (Def.'s 56.1(a)(3), at ¶ 16.) On March 15, 2006, Mario Gonzalez, Sonia Perez and his brother (Juan Gonzalez) traveled to the City of Chicago's Office of Professional Standards ("OPS") to lodge a formal complaint of misconduct against Gaskew for his conduct at the shower. (Def.'s 56.1(a)(3), at ¶¶ 19, 20.) All three spoke to OPS Investigator Richard Delaney. (Def.'s 56.1(a)(3), at ¶ 21.) Delaney determined that the allegations in the complaint did not fall within the jurisdiction of OPS. (Def.'s 56.1(a)(3), at ¶ 23.)

Vanessa Gonzalez was married on March 25, 2006. (Def.'s 56.1(a)(3), at ¶ 28.) Plaintiffs Mario and Francisco Gonzalez and Defendant Gaskew were all present at the wedding reception after the wedding ceremony on March 25, 2006. (Def.'s 56.1(a)(3), at ¶ 29.) Mario Gonzalez was injured by Gaskew during a fight at the wedding reception. (Def.'s 56.1(a)(3), at ¶ 30.)

## LEGAL STANDARD

Summary judgment is appropriate when there remains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 40 F.3d 146, 150 (7th Cir. 1994). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (*Celotex*). Thus, although the moving party on a motion for summary judgment is responsible for demonstrating to the court why there is no genuine issue of material fact, the non-moving

party must go beyond the face of the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to demonstrate, through specific evidence, that there remains a genuine issue of material fact and show that a rational jury could return a verdict in the non-moving party's favor. *Celotex*, 477 U.S. at 322-27; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254-56 (1986) (*Anderson*); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (*Matsushita*); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994).

Disputed facts are material when they might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 507-08 (7th Cir. 1992). When reviewing a motion for summary judgment, a court must view all inferences to be drawn from the facts in the light most favorable to the opposing party. *Anderson*, 477 U.S. at 247-48; *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). However, a metaphysical doubt will not suffice. *Matsushita*, 475 U.S. at 586. If the evidence is merely colorable or is not significantly probative or is no more than a scintilla, summary judgment may be granted. *Anderson*, 477 U.S. at 249-250.

## ANALYSIS

Plaintiffs claim Defendant Gaskew retaliated against them because they filed a complaint with the OPS against Defendant Gaskew based on his conduct at the wedding shower. Defendant Gaskew argues that Plaintiffs cannot prove their claim for retaliation because they have no evidence that Defendant knew of the complaint to the OPS. Without such evidence, Plaintiffs cannot prove that Defendant's actions at the wedding reception on March 25, 2006, were motivated by the complaint. Defendant has provided an affidavit in which he states that he was unaware of the complaint at the time of the wedding.

Plaintiffs do not dispute that they have no evidence showing when Defendant learned of the complaint. Plaintiffs assert that Vanessa Gonzalez told Defendant of the complaint but admit that she has since recanted and is no longer willing to testify. Thus, Defendant is correct that Plaintiffs have no evidence of Defendant's mental state at the time of the wedding and, therefore, cannot prove that Defendant's actions were in retaliation for the complaint.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted.

Dated: 8-11-09

JOHN W. DARRAH
United States District Court Judge